IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
UNITED STATES OF AMERICA,        )
                                 )
                  Plaintiff,     )    CRIMINAL ACTION
                                 )
v.                               )    No.  07-10221-08
                                 )
GREGORY REYNOLDS,                )
                                 )
                  Defendant.     )
                                 )
```

**MEMORANDUM AND ORDER**

Before the court are defendant's motion for bill of particulars (Docs. 79, 80) and the government's response (Docs. 94, 95).  For the following reasons, defendant's motion is denied.

Defendant is charged in a superseding indictment (Doc. 17) with conspiring with seven other defendants to distribute five kilograms or more of cocaine beginning on an unknown date and continuing through September 23, 2007.  He is also charged in two separate counts with using a telephone to the facilitate conspiracy.  The counts allege specific dates, times and the telephone numbers of the callers and recipients.  Finally, defendant is charged with the substantive offense of possession with intent to distribute cocaine on or about September 18, 2007. Defendant seeks a bill of particulars, contending that the superseding indictment ". . . is currently so vague as to not allowing him to consider the possibility of entering into negotiations . ." to plead guilty and even if he wished to plead guilty, he could not do so based upon the lack of factual information in the superseding indictment.  Defendant generally contends that prejudice is the impairment of his ability to intelligently and effectively

mount a defense but other than his statements regarding plea negotiations and alleged inability to enter a plea, he does not specifically point to any prejudice.

The government responds that it has provided defendant's counsel with substantial discovery (4 pages of single-spaced listing) and it has provided additional information in response to defendant's motion.

It is relatively uncommon in this court for a defendant to request a bill of particulars, in part because this court has used a general order of discovery for many years which requires the government to disclose information to a defendant's counsel without the necessity of a request. This practice has dramatically decreased the number of pretrial defense motions. Nonetheless, a bill of particulars is still authorized under Rule 7(f) of the Federal Rules of Criminal Procedure, but only if the indictment does not set forth the elements of the offense charged and insufficiently apprises the defendant of the charges so as to enable him to prepare for trial. A bill of particulars is not a discovery tool and a defendant is not entitled to notice of all the evidence the government intends to produce but rather only the theory of the government's case. United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir.), cert. denied, 117 S. Ct. 253 (1996).

The information requested by defendant is clearly evidentiary in nature. For example, he seeks the names and addresses of persons present when the crimes were allegedly committed and "the nature of act, and the time, date, and place of said act, by which defendant, Gregory Reynolds, first manifested that he was part of the alleged conspiracy." Defendant does not cite any case law holding that this

-2-

sort of information is obtainable by way of a bill of particulars, nor does he explain why lack of this particular information will prevent him from preparing a defense or negotiating a guilty plea.

Accordingly, defendant's motion for a bill of particulars is denied.

IT IS SO ORDERED.

Dated this  19th   day of March 2008, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE